ACCEPTED
14-15-00392-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/19/2015 2:51:00 PM
CHRISTOPHER PRINE
CLERK

**No. 14-15-00392-CV**

In the Court of Appeals
For the Fourteenth Judicial District of Texas
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/23/2015 5:50:17 PM
~~CHRISTOPHER A. PRINE~~
Clerk

**Jay H. Cohen,**
Appellant

v.

**Tour Partners, Ltd.,**
Appellee

On Appeal from Cause No. 2013-41051
In The 269th District Court of Harris County, Texas
The Honorable Judge Hinde, Presiding

**Tour Partners' Motion to Dismiss for Want of Prosecution**

**Hawash Meade Gaston
Neese & Cicack LLP**

Walter J. Cicack
Texas Bar No. 04250535
Samuel B. Haren
Texas Bar No. 24032854
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
wcicack@hmgnc.com
sharen@hmgnc.com

**Attorneys for Appellee
Tour Partners, Ltd.**

Exhibit 1

Appellant Jay H. Cohen ("Cohen") has received three extensions of his briefing deadline. Despite these extensions, Cohen still has not filed his brief. As demonstrated below, the Court should dismiss Cohen's appeal for want of prosecution.

## Background

The initial clerk's record was filed on June 10. Cohen's opening brief was initially due on July 10. Cohen has requested three extensions of his briefing deadline:

- **First Extension:** Two days before his initial deadline, Cohen sought a thirty-one day extension based on his attorney's busy schedule. Appellee Tour Partners, Ltd. ("Tour Partners") did not oppose this request. The Court granted the thirty-one day extension.

- **Second Extension:** The day of the second deadline, Cohen sought a thirty-day extension based on his dissatisfaction with the contents of the Clerk's Record. Tour Partners did not oppose this request. The Court granted the thirty-day extension.

- **Third Extension:** The day of the third deadline, Cohen sought another extension based on his dissatisfaction with the Contents of the Clerk's Record. Because Cohen's own inattention to the file caused the lateness of the Clerk's Record, Tour Partners opposed this request. The Court (1) granted a thirty-six day extension and (2) warned that "**no further extensions will be granted absent exceptional circumstances** . . . ." Order Granting Third Motion to Extend (emphasis in original).

Cohen's final deadline to file his brief was Thursday, October 15. As of the afternoon of Monday, October 19, Cohen still has not filed his brief.

## Discussion

"If an appellant fails to timely file a brief," Texas Rule of Appellate Procedure 38.8(a)(1) allows the Court to "dismiss the appeal for want of prosecution, unless the appellant reasonably explains the failure . . . ." Despite three extensions, Cohen has failed to timely file a brief.

According to Cohen, this failure was caused by Cohen's confusion over the contents of his own record:

> In reviewing the brief as drafted last week, ***I realized that it had been drafted assuming that no summary judgment evidence was excluded.*** The order granting in part some of your objections had not made it into the record. I immediately emailed Sam [Haren, attorney for Tour Partners,] and you to ask permission to include the order as a tab to the brief, which Sam indicated was not opposed.[1] To not mislead the Court, I then attempted to re-draft the brief to ensure that there was no error as to the summary judgment evidence admitted, and I also had to address the exclusions. The re-write was too significant (as you can imagine) to complete in time. I have redrafted the brief and will be filing it tomorrow with a motion to extend time to the filing date. Unless you tell me otherwise, I will assume you are opposed to the extension.

Exhibit 1, Email from May to Cicack at 1 (emphasis added). That is, Cohen failed to meet his fourth briefing deadline because he once again did not thoroughly examine the Clerk's Record until the evening his brief was due.[2]

---

[1] The request referenced by Cohen was sent at 5:24 p.m. on the October 15 briefing deadline. *See* Exhibit 1, Email from May to Cicack at 2. Tour Partners' counsel agreed to this request. *Id.*

[2] In assessing this inattention, the Court should note that Cohen's current appellate counsel also represented him at the time of the evidentiary ruling in question.

## Prayer

Cohen has had three chances to file his brief on time. Tour Partners respectfully submits that the Court should not indulge Cohen's continued lack of diligence by granting him a strike four. Tour Partners prays that the Court dismiss Cohen's appeal for want of prosecution and grant Tour Partners all other relief to which it is entitled.

Respectfully submitted,

**Hawash Meade Gaston**
**Neese & Cicack LLP**

*/s/ Walter J. Cicack*
Walter J. Cicack
Texas Bar No. 04250535
Samuel B. Haren
Texas Bar No. 24032854
2118 Smith Street
Houston, Texas 77002
713-658-9001 (phone)
713-658-9011 (fax)
wcicack@hmgnc.com
sharen@hmgnc.com

**Attorneys for Appellee**
**Tour Partners, Ltd.**

3

## Certificate of Conference

I hereby certify that I have conferred with opposing counsel concerning the relief requested herein. Opposing counsel is opposed.

_/s/ Samuel B. Haren_
Samuel B. Haren

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served on the following via Electronic Service, on October 19, 2015:

George F. May
Twomey | May, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
george@twomeymay.com

**Attorney for Appellant**
**Jay H. Cohen**

_/s/ Samuel B. Haren_
Samuel B. Haren

**From:** George May <george@twomeymay.com>
**Sent:** Monday, October 19, 2015 12:32 PM
**To:** Walter Cicack; Sam Haren
**Subject:** RE: Cohen v. Preston, Tour Partners

Walter,

I am preparing for a shareholders' meeting for a corporate client today.

In reviewing the brief as drafted last week, I realized that it had been drafted assuming that no summary judgment evidence was excluded. The order granting in part some of your objections had not made it into the record. I immediately emailed Sam and you to ask permission to include the order as a tab to the brief, which Sam indicated was not opposed. To not mislead the Court, I then attempted to re-draft the brief to ensure that there was no error as to the summary judgment evidence admitted, and I also had to address the exclusions. The re-write was too significant (as you can imagine) to complete in time. I have redrafted the brief and will be filing it tomorrow with a motion to extend time to the filing date. Unless you tell me otherwise, I will assume you are opposed to the extension.

Should you wish to file a motion to dismiss, which I of course would oppose, please note the above for the Court. I am tied up today but available in the morning tomorrow if you wish to talk.

George F. May, BS, JD
Twomey | May, PLLC
2 Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000
(832) 201-8485 – Facsimile
george@twomeymay.com

NOTICE: This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law. This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

-----Original Message-----
From: Walter Cicack [mailto:wcicack@hmgnc.com]
Sent: Monday, October 19, 2015 11:59 AM
To: George May; Sam Haren
Subject: RE: Cohen v. Preston, Tour Partners

George, I just left you a message. I just want to make sure we did not miss something. If you filed something in the appeal of the Cohen case I did not get it. Assuming you did not file something, we will file a motion to dismiss and I wanted to see if you opposed. Please get back to me. Thanks

Walter Cicack
(713) 658-9003 (direct)

-----Original Message-----
From: Walter Cicack
Sent: Friday, October 16, 2015 4:35 PM
To: 'George May' <george@twomeymay.com>; Sam Haren <sharen@hmgnc.com>

1

# Exhibit 1

Subject: RE: Cohen v. Preston, Tour Partners

George, did you file something? We did not receive anything.

Walter Cicack
(713) 658-9003 (direct)

-----Original Message-----
From: George May [mailto:george@twomeymay.com]
Sent: Thursday, October 15, 2015 5:24 PM
To: Sam Haren <sharen@hmgnc.com>; Walter Cicack <wcicack@hmgnc.com>
Subject: Cohen v. Preston, Tour Partners

Sam and/or Walter,

Judge Hinde's order on your summary judgment objections did not make it into the record somehow. May I include a copy as a tab with the appendix?

George May
Twomey May, PLLC
Two Riverway, 15th Floor
Houston, Texas 77056
(713) 659-0000
(281) 201-8485 - fax
george@twomeymay.com

**Motion Granted; Appeal Dismissed and Memorandum Opinion filed November 10, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00392-CV

### JAY COHEN, Appellant

### V.

### TOURS PARTNERS, LTD. AND PRESTON REALTY CORPORATION, Appellee

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2013-41051**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment signed January 28, 2015. The clerk's record was filed June 10, 2015. No reporter's record was taken. Appellant's brief was due October 15, 2015. No brief was filed.

On October 29, 2015, appellee filed a motion to dismiss for want of prosecution. *See* Tex. App. P. 42.3(b). Appellant filed no response. Accordingly,

## Exhibit 2

appellee's motion is granted and the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Brown.

| | |
|---|---|
| **From:** | Walter Cicack |
| **Sent:** | Monday, November 16, 2015 7:28 PM |
| **To:** | Sam Haren; George May |
| **Subject:** | RE: Status of Appeal |

George, would you at least give us the professional courtesy of a response? Thank you.

Walter Cicack
(713) 658-9003 (direct)

**From:** Sam Haren
**Sent:** Monday, November 16, 2015 11:02 AM
**To:** Walter Cicack <wcicack@hmgnc.com>; George May <george@twomeymay.com>
**Subject:** RE: Status of Appeal

George,

After the expiration of last Friday's deadline, Walter asked me to touch base with you regarding your appeal. Do you still intend to go forward with Cohen's remaining case?

Thanks,

Sam

**From:** Walter Cicack
**Sent:** Tuesday, November 10, 2015 10:24 AM
**To:** George May <george@twomeymay.com>
**Cc:** Sam Haren <sharen@hmgnc.com>
**Subject:** Status of Appeal

George, it appears that you decided not to file a brief in the appeal of Judge's Hinde's judgment despite the fact that you said you were going to do so and instructed me to inform the court of appeals that you were going to do so. I will not even ask you what you intend to do in the other appeal since I cannot rely on your answer. But I do have a simple question-- do you oppose our motion asking for leave to allow us to file our brief after you file your brief? As you know, if Cohen does not pursue the appeal, our appeal point is moot and briefing would not be required. Please let me know your position on this by 3 pm tomorrow. If you have any questions, please let me know. Thank you for your consideration.

**Walter J. Cicack**
Partner

# HAWASHMEADE
## HAWASH MEADE GASTON NEESE & CICACK LLP

2118 Smith Street | Houston, TX 77002
tel (713) 658-9003 | mobile (713) 299-2127
fax (713) 658-9011

**website | vCard | map | email**

This email may be a privileged communication. If you are not the intended recipient, please delete it.

Exhibit 3

# Sam Haren

**From:** Walter Cicack
**Sent:** Tuesday, November 10, 2015 10:24 AM
**To:** George May
**Cc:** Sam Haren
**Subject:** Status of Appeal

George, it appears that you decided not to file a brief in the appeal of Judge's Hinde's judgment despite the fact that you said you were going to do so and instructed me to inform the court of appeals that you were going to do so.  I will not even ask you what you intend to do in the other appeal since I cannot rely on your answer.  But I do have a simple question-- do you oppose our motion asking for leave to allow us to file our brief after you file your brief? As you know, if Cohen does not pursue the appeal, our appeal point is moot and briefing would not be required. Please let me know your position on this by 3 pm tomorrow. If you have any questions, please let me know. Thank you for your consideration.

**Walter J. Cicack**
Partner

# HAWASHMEADE

## Hawash Meade Gaston Neese & Cicack LLP

2118 Smith Street | Houston, TX 77002
tel (713) 658-9003 | mobile (713) 299-2127
fax (713) 658-9011

**website | vCard | map | email**

This email may be a privileged communication. If you are not the intended recipient, please delete it.

10/17/2014 6:22:11 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 2876996
By: FULLER, LESLIE G

Pgs-5

7A

## CAUSE NO. 2013-41051

| | | |
|---|---|---|
| Jay H. Cohen | § | **In the District Court of** |
| *Plaintiff* | § | |
| | § | |
| v. | § | **Harris County, Texas** |
| | § | |
| **Tour Partners, Ltd. and Preston** | § | |
| **Realty Corporation** | § | |
| *Defendants* | § | **269th Judicial District** |

### ORDER GRANTING TOUR PARTNERS' TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

On this day the Court came to consider Tour Partners' Traditional and No-Evidence Motion for Summary Judgment (the "Motion"). After considering the facts, law, and argument of counsel, the Court has decided to grant the Motion. Accordingly, all causes of action and/or claims for relief raised by Plaintiff Jay H. Cohen against Tour Partners, Ltd. are hereby and challenged by Tour Partners's motion dismissed with prejudice.

The Court further declares that the Subordination of Lien attached hereto as Exhibit A[1] does not constitute a valid or enforceable lien, is invalid for all purposes, and does not constitute a cloud or encumbrance on the title to the property described therein.

SIGNED: _____.

Signed: 11/10/2014

_____
Judge Presiding

---

[1] This document was Exhibit 2 to the Motion.

Certified Document Number: 63124687 - Page 1 of 5

Exhibit 4

Certified Document Number: 63124687 - Page 2 of 5

# SUBORDINATION OF LIEN

Date:        November **2**, 2004                                              Y089623        $20.00
                                                                        11/29/04   180650613

Subordinating Party:  JAY H. COHEN

### Subordinated Lien

Date:        November **2**, 2004
Grantor:     JAY H. COHEN
Trustee:     _____
Note Secured by Subordinated Lien: Note dated November **2**, 2004, in the original principal amount of $400,000.00.
Recording Information:  Second lien Subordinated Deed of Trust to Superior First Lien Holder filed in the Harris County Clerk's Office under File No. _____.

### Superior Lien

Date:        November **3**, 2004
Borrower:    PRESTON REALTY CORPORATION
Lender:      UNION PLANTERS BANK, N.A.
Note Secured by Superior Lien: Note dated November **3**, 2004, in the original principal amount of $822,250.00.
Recording Information:  Deed of Trust, Absolute Assignment of Rents, Security Agreement and Financing Statement filed in Harris County Clerk's Office under File No. **Y084670**.

Property:

See Exhibit "A" attached hereto and made a part hereof for all purposes.

Subordinating Party is the owner and holder of the Subordinated Lien, which is a lien against the Property.

For value received, Subordinating Party subordinates the Subordinated Lien against the Property to the Superior Lien and agrees that the Subordinated Lien will remain subordinate t the Superior Lien regardless of the frequency or manner of renewal, extension, change, or alteration of the Superior Lien or the Note Secured by Superior Lien.

When the context requires, singular nouns and pronouns include the plural.

After Recording Return to:
Alamo Title Company
5599 San Felipe, Suite 1400
Houston, Texas 77056
GF#40LED1164CSW



Cohen

EXHIBIT NO. 11

HG 9/8/14

C-0047

# Exhibit A

_____
JAY H. COHEN

THE STATE OF TEXAS          §
                            §
COUNTY OF HARRIS            §

    THIS INSTRUMENT was acknowledged before me on this the __3__ day of November, 2004 by JAY H. COHEN.



CAROL S. WARNER
Notary Public, State of Texas
Commission Expires 02-28-2008

Notary Public in and for
The State of T E X A S

Printed Name: CAROL S. WARNER
My Commission Expires: 2/28/8

FILED
04 NOV 29 PM 12: 22
COUNTY CLERK
HARRIS COUNTY, TEXAS

Certified Document Number: 63124687 - Page 3 of 5

C-0048

Certified Document Number: 63124687 - Page 4 of 5

EXHIBIT "A"

PROPERTY DESCRIPTION

Being 22,978 square feet of land, being all of that certain tract described in deed dated May 20, 1947, from General Foods Corporation to Preston Realty Corporation, recorded in Volume 1610, Page 687, of the Harris County Deed Records, being all of Lots 1, 2, 3 & 12, Block 186, S. S. B. B. Addition, City of Houston, Harris County, Texas, and an additional 10 foot portion of adjacent St. Emanuel Street described in deed dated October 15, 1946, from the City of Houston to General Foods Corporation, recorded in Volume 1516, Page 706, of the Harris County Deed Records, said 22,978 square feet being more particularly described by metes and bounds as follows:

COMMENCING at the original location of the City of Houston Engineering Department reference rod Number 12 (now gone) In the Intersection of Preston Avenue and Hutchins Street;

THENCE N. 55° 00' 00" W. 660.00 feet along the City of Houston Engineering Department reference line in Preston Avenue to the City of Houston Engineering Department reference line in Chartres Street;

THENCE N. 35° 00' 00" E. 40.07 feet along the City of Engineering Department reference line in Chartres Street;

THENCE S. 55° 00' 00" E., parallel to the City of Houston Engineering Department reference line in Preston Avenue, passing at 46.50 feet a 3/4" iron rod found marking the west corner of Lot 6, Block 186, S. S. B. B. Addition, and the west corner of a tract of land described in deed dated July 28, 1998, from St. Marys University, et al, to Kenneth Cunningham, Trustee, recorded in Harris County Clerk's File Number T361691 of the Official Records of Real Property of Harris County, Texas, continuing 146.50 feet in all, along the northeast line of Avenue, to a 3/4" iron rod found marking the south corner of said Lot 6, the south corner of said Cunningham Tract and the PLACE OF BEGINNING;

THENCE N. 35° 00' 00" E. , along southeast line of said Lot 6, passing at 50.50 feet the south corner of Lot 7, said Block 186, described In deed dated November 3, 1998, from Kenneth R. Bolarsky to Kenneth R. Cunningham, Jr., Trustee, recorded in Harris County Clerk's File Number T364867 of the Official Records of Real Property of Harris County, Texas, passing at 101.00 feet the south corner of Lot 8, said Block 186, described in deed dated February 19, 1997, from Johnny Nelms, et ux, to Billy Marlin, Trustee, recorded in Harris County Clerk's File Number S329648 of the Official Records of Real Property of Harris County, Texas, continuing 126.25 feet in all to a 3/4" iron rod w/cap set, marking the west corner of Lot 11, said Block 186, and an interior corner of a tract described in deed dated February 21, 1996 from Golding Fredrick Walters to Frederick S. Cilurso, recorded in Harris County Clerk's File Number R798070 of the Official Records of Real Property of Harris County, Texas;

C-0049

THENCE S. 55° 00' 00" E. 50.00 feet, parallel to the City of Houston Engineering Department reference line in Preston Avenue, following the southwest line of said Lot 11, to a 3/4" iron rod with cap set at the south corner of said Lot 11, and an interior corner of said Cilurso tract;

THENCE N. 35° 00' 00" E. 25.25 feet, parallel to the City of Houston Engineering Department reference line in Chartres Street, following the southeast line of said Lot 11, to a 3/4" iron rod with cap set marking the west corner of Lot 4, said Block 186, and an interior corner of said Cilurso tract;

THENCE S. 55° 00' 00" E., parallel to the City of Houston Engineering Department reference line in Preston Avenue following the southwest line of said Lot 4, passing at 100.00 feet the south corner of said Lot 4, continuing 110.00 feet in all to a 3/4" iron rod with cap set at the south corner of said Cilurso tract lying in the southeast line of said 10 foot portion of St. Emanuel Street, described in deed from the City of Houston to General Foods;

THENCE S. 35° 00' 00" W. 151.50 feet, parallel to the City of Houston Engineering Department reference line in Chartres Avenue, following the southeast line of said 10 foot portion of St. Emanuel Street, to an "X" cut in concrete marking the east corner of said 10 foot portion of said St. Emanuel Street, and lying in the northeast line of Preston Avenue;

THENCE N. 55° 00' 00" W. 160.00 feet, along the northeast line of Preston Avenue, following a line parallel to the City of Houston Engineering Department reference line in Preston Avenue to the PLACE OF BEGINNING.

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamp of hereon by me and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

NOV 29 2004

*Beverly B. Kaufman*
COUNTY CLERK
HARRIS COUNTY, TEXAS

Page 2 of 2



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   March 30, 2015

Certified Document Number:        63124687 Total Pages:  5

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

P·4

(7) A

**CAUSE NO. 2013-68181**

| | | |
|---|---|---|
| ELLINGTON HOLDINGS, LLC. and R. DAVID DENENBURG | § § § § § § | IN THE DISTRICT COURT OF |
| VS | § § § | HARRIS COUNTY, TEXAS |
| TOUR PARTNERS, LTD., *et al.* | § § § § | 55ᵀᴴ JUDICIAL DISTRICT |

### ORDER GRANTING TOUR PARTNERS PARTIES' MOTION FOR SUMMARY JUDGMENT AGAINST COHEN'S CLAIMS

Upon consideration of Tour Partners Parties' Motion for Summary Judgment Against Cohen's Claims (the "Motion"), along with the various responses and replies, the Court rules as follows:

Jay Cohen ("Cohen") has filed claims against the Tour Partners Parties (including Tour Partners, Ltd., Dennis Wilkerson and Eighteen Investments, LLC) for a fraudulent conveyance under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), statutory fraud, conspiracy and unjust enrichment, including alter ego remedies. These claims were first filed in Cohen's Original Crossclaim on November 17, 2014.

Cohen claims that through a transaction he entered into in 2004, he was to acquire a lien in the property which is the subject matter of this litigation (the "Property.") The Property was then owned by Preston Realty. It is uncontested that his lien, if it ever existed, was never filed.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**F I L E D**
Chris Daniel
District Clerk

JAN 2 3 2015

Time:_____
Harris County, Texas
By_____
Deputy

Exhibit 5

Preston Realty purported to convey the Property to Tour Partners Limited by way of a "Special Warranty Deed" dated February 4, 2010 (the "2010 Deed.") Cohen points out that this deed does not contain language of conveyance, but concedes that at a minimum it is a quit claim deed (Brief filed by Cohen's counsel on January 21, 2015.) On August 8, 2013, a "Correction Deed" was issued. Cohen claims that these transactions were fraudulent transfers which give rise to his claims.

The facts are fully developed, to the extent necessary to rule on this Motion. For that reason Cohen's motion for continuance has been denied in a separate order.

Most of the parties' factual recitations are unrelated to the issues presented in the Motion. The relevant facts are simple and uncontested. Cohen had a "Claim" and was a "Creditor" as defined in Texas Business and Commerce Code 24.002(3) and (4), respectively. As those terms are defined, he is entitled to pursue a TUFTA action even if his claim is disputed. TUFTA Section 24.001(a)(1) defines actual fraud, and section 24.006 defines constructive fraud. The parties have spent much briefing on these elements. Facts related to these claims do not matter, however, if the claim is "extinguished" under section 24.010. This is the Court's focus.

A fraudulent transfer claim is extinguished four years after the date of the transfer. Section 24.007(1)(A) states that a transfer of real property occurs when it is perfected against a third party. Whether a quit claim or something more, the 2010 Deed was filed of record on February 4, 2010 and thus perfected. It was a "transfer." Cohen's TUFTA claim was filed more than four years later on November 17, 2014. Cohen's fraudulent transfer claim is extinguished.

Cohen admits that he had actual knowledge of the 2010 Deed in April of 2010. For purposes of Cohen's other claims it does not matter whether the 2010 Deed was a nullity, a quit claim, or something else. His April 2010 actual knowledge was an accrual of all other claims. The Statute of Limitations has run on all such claims.

Cohen's only remaining claim, briefly mentioned at the hearing of this matter but not found in the pleadings, is that his lien attached to the Property and remains there, whether the Property was transferred or not. It is uncontested that his lien against the Property, if it ever existed, was never filed. The only lien available then is equitable in nature by way of court order. The Court's Default Judgment Order in Cause No. 2013-41051 entered on November 13, 2014, by the 269th District Court granted Cohen a lien in "Preston Realty Corporation's Interest" in the Property. Preston Realty Corporation does not own any interest in the Property, and did not as of the date of the Default Judgment. Since Cohen cannot trace Preston Realty Corporation's interest to the next transferee through TUFTA, and has no lien other than what was imposed by the 269th District Court, Cohen has no further claim to pursue in this matter.

Accordingly, the Motion is GRANTED as to all of Cohen's claims, against all of the Tour Partners Parties.

Unofficial Copy Office of Chris Daniel District Clerk

IT IS SO ORDERED.

SIGNED on the 23 day of Jan. , 2015.

_____
JUDGE JEFF SHADWICK

Unofficial Copy Office of Chris Daniel District Clerk

4

3/30/2015 4:56:22 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4700090
By: FLORES, DANIEL
Filed: 3/30/2015 4:56:22 PM

CAUSE NO. 2013-68181

P-1

MFSJy

| | | |
|---|---|---|
| ELLINGTON F HOLDINGS, L.L.C. | § | IN THE DISTRICT COURT OF |
| and R. DAVID DENENBURG, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| TOUR PARTNERS, LTD., EIGHTEEN | § | |
| INVESTMENTS, INC., DENNIS J. | § | |
| WILKERSON, HENAMAN, INC., | § | |
| STANTON P. HENAMAN, and | § | |
| CAPITAL TITLE OF TEXAS, L.L.C., | § | |
| *Defendants,* | § | HARRIS COUNTY, TEXAS |
| | § | |
| and | § | |
| | § | |
| TOUR PARTNERS, LTD., | § | |
| *Third-Party Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| JAY H. COHEN, | § | |
| *Third-Party Defendant.* | § | 55TH JUDICIAL DISTRICT |

ORDER ~~GRANTING~~ **ON** TOUR PARTNERS' SUPPLEMENTAL
MOTION FOR SUMMARY JUDGMENT AGAINST COHEN

On this day, the Court came to consider Tour Partners, Ltd.'s Supplemental Motion for

Summary Judgment Against Cohen (the "Motion"). After considering the facts, law, and

argument of counsel, the Court has decided to ~~grant~~ *deny* the Motion, *Cohen's claims have already been*

*dismissed. The motion invites the Court to issue an advisory opinion, which*

*the Court*

~~In addition to the grounds set forth in the Court's January 23, 2015 Order Granting Tour~~

~~Partners Parties' Motion for Summary Judgment Against Cohen's Claims, the Court finds that~~ *declines*

*to do.*

~~Cohen's claims for (1) fraudulent transfer, (2) unjust enrichment, and (3) fraud in a real estate~~

~~transaction are barred by *res judicata*.~~

Signed on the 22 day of _____April_____, 2015

_____
Judge Presiding

Exhibit 6